# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-3010-MWB |
| vs. | REPORT AND RECOMMENDATION REGARDING OBJECTIONS TO NOTICE OF INTENT TO SEEK ENHANCED PENALTIES |
| JEFF CHENEY, | |
| Defendant. | |

On February 23, 2007, the grand jury returned an Indictment charging the defendant Jeff Cheney in one count with conspiracy to distribute methamphetamine after having been convicted of a prior drug felony. Doc. No. 1. On June 14, 2007, the plaintiff (the "Government") filed a notice of intent to seek enhanced penalties pursuant to 21 U.S.C. § 851(a). (Doc. No. 46) The conviction upon which the Government relies is an April 4, 2005, conviction of Cheney in Webster County, Iowa, for "[c]onspiracy to possess a precursor (lithium) with intent to manufacture." *Id.*

On July 7, 2007, Cheney filed a response to the notice pursuant to 21 U.S.C. § 851(c). Doc. No. 59. Cheney argues his Webster County conviction cannot form the basis for an enhanced sentence for two reasons. First, he argues the Eighth Circuit Court of Appeals has held that a state felony conviction for possession of the precursor lithium does not constitute a "controlled substance offense," and therefore section 851 is inapplicable. *See id.*, p. 1 (citing *United States v. Walterman*, 343 F.3d 938 (8th Cir. 2003)). Second, he argues that in any event, his state felony conviction formed part of the same course of conduct as the offense alleged in the indictment, and therefore the state conviction "cannot be the predicate offense upon which [the] government may rely to enhance [his] sentence pursuant to § 851 without a separate offense." *Id.*, p. 2.

The plaintiff (the "Government") filed a reply on July 13, 2007. Doc. No. 63. In its reply, the Government argues Cheney is mistaken in relying on the definition of a "controlled substances offense within the career offender context." *Id.*, p. 4. Instead, the Government argues the appropriate statutory definition is that of a "felony drug offense," as used in 21 U.S.C. § 841(b)(1)(A)'s directive regarding sentence enhancements for prior convictions. The Government argues the definition of a "felony drug offense" contained in 21 U.S.C. § 802(44) would encompass Cheney's state court conviction for possession of the precursor lithium with intent to manufacture. *Id.*, pp. 4-5.

As to Cheney's second argument, the Government claims Cheney's continued involvement in the alleged federal conspiracy following his state court conviction, which itself occurred during the time frame of the federal conspiracy, supports a sentence enhancement under section 841. *Id.*, pp. 3-4.

As required by 21 U.S.C. § 851(c)(1), the undersigned held a hearing on July 17, 2007, to determine whether the matters raised in Cheney's response would except Cheney from increased punishment. At the hearing, Assistant U.S. Attorney Forde Fairchild appeared on behalf of the Government, and Cheney appeared in person with his attorney, Alexander Esteves. The Government offered the testimony of Cheney's codefendant Anthony Holland, and Special Agent Lori A. Lewis of the Iowa Division of Narcotics Enforcement. One exhibit was admitted into evidence, to-wit: a Judgment Entry and a subsequent order in *State of Iowa v. Cheney*, No. FECR326353 (Webster County District Court), consisting of four pages.

On July 23, 2007, Cheney filed a post-hearing brief. (Doc. No. 68) The court finds the matter is fully submitted, and offers the following analysis and recommended disposition of Cheney's objections to the Government's 851 notice.

Before turning to the merits of Cheney's objections, the court will consider whether Cheney's objections are premature. At the hearing, the Government argued Cheney's

2

request for a ruling on these issues is premature because section 851(b) contemplates that objections to an 851 notice will be filed "after conviction but before pronouncement of sentence." Cheney responded that subsections (b) and (c) actually present two different ways to raise objections to the notice; i.e., either after conviction under subsection (b), or at any time after the notice is filed under subsection (c).[1] Cheney argues if objections are filed early, then the court can make a determination as to whether the 851 notice is proper, and the resolution of that question may aid the parties in resolving the case.

The parties have cited no authorities on this issue, and the court has located no cases directly considering when objections to an 851 notice properly may be filed. Courts have intimated that objections to an 851 notice may be asserted both before and after any conviction or change of plea hearing. *See, e.g.*, *United States v. Brown*, slip op., 2006 WL 2808255 at *13 (N.D. Fla. Apr. 4. 2006) (defendant was "afforded the opportunity to question the validity of the prior convictions . . . both before he appeared for the change of plea hearing, *see* 21 U.S.C. § 851(c), before he signed the Plea Agreement and the Statement of Facts, and before he pled guilty."); *Robinson v. United States*, 129 F. Supp. 2d 627, 633 (S.D.N.Y. 2001) (defendant knew of 851 notice before trial but never denied the allegations therein).

---

[1]Subsections (b) and (c) provide as follows, in relevant part:
>   (b)   If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
>
>   (c)(1)   If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. . . .

21 U.S.C. § 851.

The court finds a defendant may file objections to an 851 notice at any time after the notice is filed by the Government. However, whether or not the issues raised by the defendant's objections can be resolved prior to trial must be decided on a case-by-case basis, depending on the specific issues raised by the defendant and the facts of the case. Accordingly, the court now turns to consideration of Cheney's objections.

Cheney first argues section 851 is inapplicable because his state felony conviction for possession of the precursor lithium did not constitute a "controlled substance offense." At first glance, it may appear the *Walterman* case upon which Cheney relies is applicable here. Like Cheney, Walterman had a prior state conviction for possession of the precursor lithium with the intent to manufacture methamphetamine. Walterman also had a prior state court conviction for possession of either lithium or ephedrine with intent to manufacture.[2] At sentencing, the district court determined that Walterman's prior state court convictions qualified him as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1.[3]

On appeal, the Eighth Circuit considered whether possession of lithium with intent to manufacture qualified under the following definition of a "controlled substance offense" contained in the Sentencing Guidelines:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture,

---

[2] Whether Walterman's conviction arose from possession of lithium or ephedrine was not clear. However, because Walterman only appealed the district court's finding with regard to the first of his two state offenses, the appellate court did not make a determination regarding the exact nature of Walterman's other state court offense. *See Walterman*, 343 F.3d at 940 n.1.

[3] USSG 4B1.1(a) defines a career offender as follows:
   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

4

import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The court held:

> A felony conviction for possession of a precursor chemical with intent to manufacture a controlled substance does not fall under either category of controlled substance offenses defined in Guideline § 4B1.2(b). First, it is not a conviction for the "manufacture, import, export, distribution, or dispensing of a controlled substance offense." USSG § 4B1.2(b). This section is concerned strictly with controlled substances, and lithium is not one. Even if lithium was a controlled substance, this section would not apply because each of the referenced acts requires something more than just possession, be that making, buying, selling, or giving away drugs. 2/
>
>> 2/ The dissent suggests that this provision applies to Walterman's prior conduct because it includes violations of state laws prohibiting the manufacture of controlled substances. While we agree that state law prohibitions on the manufacture of controlled substances are included as controlled substance offenses, this is not Walterman's offense of conviction; he was convicted of a possessory offense – possession of a non-controlled substance with the intent to manufacture a controlled substance. Section 4B1.2(b) itself separates out possessory offenses, including those with intent to manufacture, from other controlled substance offenses, and we do not think it prudent to rewrite the Guidelines in the way suggested by the dissent.
>
> While the remainder of the guideline purports to deal with the same conduct that Walterman had previously been convicted of – possession with intent to manufacture – it is equally inapplicable. This is so because, by its own language,

5

> the guideline is concerned only with possession of controlled substances, a class of chemicals to which lithium does not belong.

*Walterman*, 343 F.3d at 940-41 & n.2.

The appellate court further noted that lithium is not included in the list of precursor chemicals the possession of which with intent to manufacture a controlled substance is considered a "controlled substance offense" for purposes of the guidelines. *Walterman*, 343 F.3d at 941. The court rejected the Government's argument that the list of precursor chemicals contained in the application note following USSG § 4B1.2 is not intended to be an exhaustive list. The court noted, "If the Sentencing Commission had meant this commentary to be exemplary, it could have simply advised that unlawfully possessing any precursor, including listed chemicals, is a controlled substance offense." *Id*. The court also rejected other arguments advanced by the Government that possession of lithium should be considered a "controlled substance offense" for purposes of the career offender enhancement. *See id.*, 343 F.3d at 941-42.

In the present case, Cheney has seized on the *Walterman* court's finding that possession of the precursor lithium with intent to manufacture is not a "controlled substance offense" for purposes of the career offender enhancement. However, as the Government points out, Cheney's interpretation of *Walterman* is in error. Here, the Government has given notice pursuant to 21 U.S.C. § 851 that it will seek enhanced penalties due to Cheney's prior conviction for possession of the precursor lithium with intent to manufacture. *See* Doc. No. 46. The Government's 851 notice is a prerequisite to the imposition of enhanced penalties under 21 U.S.C. § 841. 21 U.S.C. § 851(a)(1).[4]

---

[4] Section 851(a) specifies:
> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon.

(continued…)

Section 841 specifies that enhanced penalties apply if a person convicted of one of the specified offenses committed the violation "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b). Thus, the relevant inquiry here is not whether Cheney's state conviction constitutes a "controlled substances offense," as defined by the Sentencing Guidelines, but rather whether his state conviction constitutes a "felony drug offense" under the statute.

Title 21, United States Code, defines the term "felony drug offense" as follows:

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44). Cheney's conviction for conspiracy to possess the precursor lithium with intent to manufacture a controlled substance was a Class D felony under Iowa law, and subjected Cheney to imprisonment for up to five years. *See* Iowa Code §§ 124.401(4)(f), 902.9(5). The Iowa laws under which Cheney was convicted prohibit conspiracy to possess lithium with the intent to manufacture a controlled substance. *See* Iowa Code §§ 706.1, 706.3, 124.401(4)(f). Methamphetamine is a controlled substance under Iowa law, and is specifically defined as a substance "having a stimulant effect on the central nervous system." Iowa Code § 124.206(4). Thus, both prongs of the federal definition of a "felony drug offense" are met by Cheney's state court conviction. As a result, Cheney's argument that his state conviction for possession of the precursor lithium with intent to manufacture cannot form the predicate offense for a sentence enhancement must fail.

---

[4](…continued)
21 U.S.C. § 851(a)(1).

7

Cheney further argues the facts and circumstances leading to his state conviction "inextricably form the basis of the federal indictment," and therefore the state conviction "cannot be the predicate offense upon which [the] government may rely to enhance [his] sentence pursuant to § 851 without a separate offense." Doc. No. 59, p. 2. Curiously, Cheney relies on *United States v. Johnston*, 220 F.3d 857 (8th Cir. 2000); however, *Johnston* actually appears to support the opposite conclusion. In *Johnston*, the defendant pled guilty to a drug conspiracy charge and an attempt to escape from custody charge in Iowa federal court. Previously, Johnston had been convicted in an Iowa state court for possession of marijuana with intent to distribute. He also had a New Mexico federal conviction for conspiracy to distribute marijuana and cocaine. At sentencing on the Iowa federal charges, the district court considered the Iowa state court conviction and the New Mexico federal conviction in sentencing Johnston to life imprisonment as a career offender. On appeal, Johnston argued the two convictions arose from a single conspiracy, and therefore they should be considered as one offense for purposes of the career offender provision.

The Eighth Circuit Court of Appeals held as follows:

> We addressed the relatedness of prior convictions for § 841(b) enhancement purposes in *United States v. Gray*, 152 F.3d 816 (8th Cir. 1998). *Gray* involved prior convictions for two separate controlled buys made to the same confidential informant, taking place at the same hotel room, and occurring one day apart. *See Gray*, 152 F.3d at 821. We held that the convictions constituted separate criminal episodes for enhancement purposes under § 841(b), stating that a separate criminal episode may be "an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *Id.* at 822 (citing *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991)).
>
> Our resolution of this case is controlled by our decision in *Gray*. The conduct which resulted in the Iowa state court

8

> conviction was "an incident that [was] part of a series." *Id.* Although related to the entire course of events in the ongoing conspiracy charged in New Mexico, the Iowa possession charge "form[ed] a separate unit within the whole." *Id.* The New Mexico conviction stemmed from conduct spanning three calendar years, while the Iowa conviction stemmed from conduct on a single day, and thus was a "punctuated occurrence with a limited duration." *Id.* We therefore conclude that the Iowa conviction arose from a separate criminal episode for enhancement purposes under 841(b).

*Johnston*, 220 F.3d at 862.

In addition, as Judge Mark W. Bennett observed recently, "the Eighth Circuit Court of Appeals has held in two cases that where overt acts in furtherance of a conspiracy occur after the date of a previous conviction . . . that conviction may be considered 'prior' for the purposes of applying a sentencing enhancement." "Order Regarding Defendant's Motion to Withdraw Guilty Plea," *United States v. Pratt*, Case No. CR05-4017-MWB (N.D. Iowa Apr. 27, 2007) (citing *United States v. Funchess*, 422 F.3d 698, 703 (8th Cir. 2005); *United States v. Titlbach*, 339 F.3d 692, 697 (8th Cir. 2003)).

In the present case, Agent Lewis's unrebutted testimony would appear to be sufficient to determine that Cheney's state conviction was a separate criminal episode for sentence enhancement purposes. However, the undersigned finds the evidentiary record, as a whole, is incomplete regarding whether Cheney committed any overt acts in furtherance of the charged conspiracy after his April 2005 state conviction. The court therefore finds a ruling on the issue would be premature at this stage of the proceedings, and recommends the issue be raised after any conviction or the entry of a plea, with the district court making a factual finding on the issue in the context of sentencing.

Therefore, for the reasons set forth above, IT IS RESPECTFULLY RECOMMENDED that Cheney's objections to the Government's section 851 notice be **overruled** on the issue of whether or not the state court conviction constitutes a "felony

drug offense" for purposes of the sentence enhancement, and **reserved** until after entry of a plea or conviction at trial on the issue of whether the conduct underlying Cheney's state conviction may form the basis of a sentence enhancement under section 841(b).

Any party who objects to this Report and Recommendation must serve and file specific, written objections by **August 3, 2007**. Any response to the objections must be served and filed by **August 8, 2007.**

IMPORTANT NOTE: Any party planning to lodge any objection to this report and recommendation must order a transcript of the hearing **by July 30, 2007**, <u>regardless of whether the party believes a transcript is necessary to argue the objection</u>. If an attorney files an objection to this report and recommendation without having ordered the transcript as required by this order, the court may impose sanctions on the attorney.

**IT IS SO ORDERED.**

**DATED** this 27th day of July, 2007.

*[signature: Paul A. Zoss]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT