**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-3010-MWB |
| vs. | ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S NOTICE OF INTENT TO SEEK ENHANCED PENALTIES |
| JEFF CHENEY, | |
| Defendant. | |

_____

### *I. INTRODUCTION AND BACKGROUND*

On February 23, 2007, an indictment was returned against defendant Jeff Cheney charging him, having previously been convicted of a felony drug offense, with conspiracy to distribute and manufacture 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851. On June 14, 2007, the government filed a notice of intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851(a). In its notice, the government indicates that it intends to rely on defendant Cheney's April 4, 2005, conviction in Iowa district court for Webster County, Iowa, for conspiracy to possess a precursor (lithium) with intent to manufacture. Government Notice at 1. On July 7, 2007, defendant Cheney filed a response to the government's notice, pursuant to 21 U.S.C. § 851(c). In his response, defendant Cheney contends his conviction for conspiracy to possess a precursor (lithium) with intent to manufacture cannot, as a matter of law, form the basis for an enhanced sentence for two reasons. First, defendant Cheney argues a state felony conviction for possession of the precursor lithium does not constitute a "controlled

substance offense," and therefore § 851 is inapplicable. Second, defendant Cheney contends that even if that is not the case, his state felony conviction formed part of the same course of conduct as the offense alleged in the indictment, and therefore the state conviction cannot constitute grounds to enhance his sentence under § 851.

This matter was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted an evidentiary hearing, as required by 21 U.S.C. § 851(c)(1), and then, on July 27, 2007, filed a thorough and comprehensive Report and Recommendation in which he recommended that defendant Cheney's objections to the government's section 851 notice be overruled on the issue of whether or not the state court conviction constitutes a "felony drug offense" for purposes of the sentence enhancement, and reserved, until after entry of a plea or conviction at trial, the issue of whether the conduct underlying defendant Cheney's state conviction may form the basis of a sentence enhancement under section 841(b). Judge Zoss concluded defendant Cheney's state conviction for conspiracy to possess a precursor (lithium) with intent to manufacture meets the federal definition of a "felony drug offense" and, therefore, that portion of defendant Cheney's objection must be overruled. Judge Zoss also found that the evidentiary record was insufficient to determine whether Cheney committed any overt acts in furtherance of the charged conspiracy after his April 2005 state conviction. Judge Zoss, therefore, concluded that a ruling on the issue would be premature and that the issue should be raised after any conviction or the entry of a plea, with the court making a factual finding on the issue in the context of sentencing. Neither the government nor defendant Cheney have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

The standard of review to be applied by the district court to a report and

recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court accepts Judge Zoss's Report and Recommendation of July 27, 2007, and overrules defendant Cheney's objection to the government's section 851 notice on the issue of whether or not Cheney's state court conviction for conspiracy to possess a precursor (lithium) with intent to manufacture meets the federal definition of a "felony drug offense" and reserves ruling on the issue of whether the conduct underlying defendant Cheney's state conviction may form the basis of a sentence enhancement under section 841(b) until such time as defendant Cheney is convicted or enters a plea of guilty in this matter.

**IT IS SO ORDERED.**

**DATED** this 9th day of August, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

4