**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> JEFF CHENEY, <br><br> Defendant. | No. CR 07-3010-MWB <br> (No. C 10-3031-MWB) <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S *PRO SE* AMENDED MOTION TO CLARIFY SENTENCE** |

_____

This case is now before me on defendant Jeff Cheney's August 6, 2014, "Pro-se Motion Requesting The Sentencing Court To Clarify The Language In Judgment To Reflect The U.S.S.G. § 5G1.3 [Adjustment] For Time Served In State Prison And The Time On Writ For Federal Holding" (Amended Motion To Clarify Sentence) (docket no. 214). Defendant Cheney had previously filed, on November 12, 2013, a "Pro Se Motion To Clarify Sentence Under U.S.S.G. § 5G1.3(b) Application Note 2" (Original Motion To Clarify Sentence) (docket no. 212), but he filed his Amended Motion To Clarify Sentence before I was able to rule on his first such motion. I find that his Amended Motion To Clarify Sentence moots his Original Motion To Clarify Sentence, so I will focus on his Amended Motion.

A ruling on Cheney's Amended Motion To Clarify requires some review of his prior criminal and § 2255 proceedings in this court. Cheney pleaded guilty on August 17, 2007, to a drug conspiracy charge in violation of 21 U.S.C. §§ 846 and 851—that is, that, from January 1, 1997, and continuing until about May 2006, he conspired to manufacture and distribute 500 grams or more of methamphetamine mixture, after a prior conviction in state court, on or about April 4, 2005, for conspiracy to distribute

methamphetamine.[1]  At Cheney's sentencing hearing on February 21, 2008, I sentenced Cheney to 216 months, "to run concurrent with imprisonment in FECR 326353," the Iowa conviction identified as the basis for the § 851 enhancement.  Sentencing Hearing Minutes (Crim. docket no. 128).  The Sentencing Transcript (Crim. docket no. 156) and the Presentence Investigation Report (Crim. docket no. 130) reflect that the concurrent sentence adjustment was made pursuant to U.S.S.G. § 5G1.3(c).  The requirement that Cheney's federal sentence run concurrently with his state sentence was not reflected in the original Judgment (docket no. 129), but was reflected in an Amended Judgment (docket no. 211), entered on June 22, 2011.  Cheney's appeal of his sentence was dismissed, on July 8, 2009, because Cheney had filed a written waiver of his right to appeal.  Opinion On Appeal (Crim. docket no. 190).[2]

Cheney filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1) on June 14, 2010.  In his § 2255 Motion, Cheney asserted that his trial counsel was ineffective in several ways, including failing to seek credit for time served, but he did not raise any issue about the extent to which his state and federal sentences were "concurrent."  I denied Cheney's § 2255 Motion and denied a certificate of appealability on August 11, 2011.  *See* Memorandum Opinion And Order Regarding Petitioner's Section 2255 Motion (Civ. docket no. 16).  Although Cheney attempted to appeal the denial of his § 2255

---

[1] Two co-defendants were also charged with the methamphetamine conspiracy offense, and one of them was also charged with a firearm offense.

[2] On appeal, Cheney challenged his sentence on the grounds that I abused my discretion by granting him only a 10% reduction for "substantial assistance," my *sua sponte* determination, without prior notice, that his criminal history was underrepresented, and my *sua sponte* determination that I did not believe that he had testified truthfully in a prior proceeding.

Motion, the Eighth Circuit Court of Appeals also denied him a certificate of appealability and dismissed his appeal. Judgment On Appeal (Civ. docket no. 22).

Next, on April 19, 2012, Cheney filed, in his § 2255 action, a Request To Entertain Rule 60(b)(6) Motion (Rule 60(b) Motion) (Civ. docket no. 25), in which he asserted that the response of the Bureau of Prisons (BOP) to his requests for an adjustment of his term of imprisonment to account for his concurrent sentences constituted "newly discovered evidence." I denied that Request on May 22, 2012, however. I determined that the BOP's response did not constitute material, newly discovered evidence, where Cheney's concurrent sentence adjustment was pursuant to U.S.S.G. § 5G1.3(c) and that his other claims were subject to dismissal as "merely successive," because Cheney had not obtained authorization from the Eighth Circuit Court of Appeals to file a successive § 2255 motion. *See* Order Regarding Petitioner's Pro Se Request To Entertain Rule 60(b)(6) Motion (Civ. docket no. 28). Cheney also appealed my denial of his Rule 60(b) Motion, *see* Notice Of Appeal (docket no. 29), but the Eighth Circuit Court of Appeals summarily affirmed that ruling on September 19, 2012. *See* Judgment (Civ. docket no. 32).

Still not satisfied, on October 15, 2012, Cheney filed, in his § 2255 action, a *pro se* "Motion: Direct Appeal For Correction Of Sentence" (Civ. docket no. 33). In an Order (docket no. 34) on that Motion, filed November 9, 2012, I construed Cheney's claim to challenge the *duration* of his confinement, and specifically, to assert that the BOP has not properly calculated the duration of his confinement, as required by my direction that his federal sentence run concurrently with his previously imposed state sentence. I concluded that such a claim was properly cognizable only as a claim pursuant to § 2241, but not as one seeking § 2255 relief. I determined, further, that, construed as a § 2241 motion, Cheney's "Motion: Direct Appeal For Correction Of Sentence" had been brought in the wrong district, because Cheney was incarcerated in the Western

3

District of Missouri, Southern Division. Consequently, I transferred Cheney's § 2241 action, in the interest of justice, to the United States District Court for the Western District of Missouri, Southern Division, pursuant to 28 U.S.C. § 1406(a).

On November 12, 2013, Cheney filed, in his criminal action, his Original Motion To Clarify Sentence (docket no. 212). Before I reached Cheney's Original Motion To Clarify Sentence, however, Cheney filed the August 6, 2014, Amended Motion To Clarify Sentence (docket no. 214) that is now before me. In his Original Motion To Clarify Sentence, Cheney prayed that I would "grant an adjustment to his Federal sentence under U.S.S.G. [§] 5G1.3[(b)] application note 2, to avoid a miscarriage of Justice." In his Amended Motion To Clarify Sentence, Cheney prays "for a downward departure under subsection (b) or (c) application note 3(E) for 21 months," and asserts that "[i]t must be clearly stated in [the] Judgment as a downward departure pursuant to the 5G1.3," in order "to avoid a miscarriage of Justice." Again, I conclude that the Amended Motion To Clarify Sentence moots his Original Motion To Clarify Sentence.

Unlike Cheney's "Motion: Direct Appeal For Correction Of Sentence" in his § 2255 action, Cheney's Amended Motion To Clarify Sentence in his criminal action is a challenge to his custody pursuant to the criminal judgment on the ground that the sentence *originally imposed* requires correction or amendment. Thus, it is cognizable as a § 2255 claim. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (§ 2254 case holding that a claim contesting custody imposed pursuant to a criminal judgment is a habeas claim); *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (concluding that "the district court correctly parsed the language of [a prisoner's] petition and construed the claim as one attacking the validity of his guilty plea and resulting sentence, making it a § 2255 petition"). To put it another way, Cheney's Amended Motion To Clarify Sentence in his criminal case is the functional equivalent of a *second* § 2255 motion, asserting a

claim that was not asserted in Cheney's original June 14, 2010, § 2255 Motion (Civ. docket no. 1).

"The Antiterrorism and Effective Death Penalty Act [AEDPA] of 1996, Pub.L. No. 104–132, § 106, 110 Stat. 1214, 1220–21, severely curtailed the filing of second and successive § 2255 motions." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002) (citing 28 U.S.C. §§ 2244(a)-(b), 2255). Specifically, the AEDPA amendment to § 2244 provides, in pertinent part, as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). The limited exception for second or successive § 2255 motions found in § 2255 is stated as follows:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Furthermore, a prisoner may not escape these limitations on second or successive § 2255 motions by purporting to invoke some other rule or procedure. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (prisoners may not bypass

the authorization requirement for a second or successive § 2255 motion by purporting to invoke some other rule or procedure).

Cheney plainly has not obtained the leave of the Eighth Circuit Court of Appeals to file his second or successive § 2255 motion, as required by § 2244(h). If a district court determines that a prisoner's motion is the functional equivalent of an unauthorized, successive § 2255 motion, it may properly deny it. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).[3] That is the situation here, so denial of Cheney's Amended Motion To Clarify Sentence is appropriate.

THEREFORE, defendant Jeff Cheney's August 6, 2014, "Pro-se Motion Requesting The Sentencing Court To Clarify The Language In Judgment To Reflect The U.S.S.G. § 5G1.3 [Adjustment] For Time Served In State Prison And The Time On Writ For Federal Holding" (Amended Motion To Clarify Sentence) (docket no. 214) is **denied**

---

[3] In an unpublished decision, the Eighth Circuit Court of Appeals has held,

> The holding in *Castro v. United States*, 540 U.S. 375, 381–83, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), which requires that the district court warn a pro se litigant before it recharacterizes the litigant's first collateral attack as a section 2255 motion, does not apply when the district court recharacterizes a pro se litigant's second or successive collateral attack on the same conviction, because the litigant has already received the one round of collateral review he is allowed under the AEDPA.

*United States v. Carranza*, 467 F'Appx. 543 (8th Cir. 2012) (unpubl. op.) (citing *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005), and *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)).

as a second or successive § 2255 motion filed without authorization from the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**DATED** this 13th day of August, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA